**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **LAWRENCE RAY MAY,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-07-367-W |
| | ) |
| **MIKE ADDISON,** | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Pursuant to an order entered by United States District Judge Lee R. West, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition has been promptly examined and for the reasons set forth herein, it is recommended that the action be transferred to the United States District Court for the Eastern District of Oklahoma.

By this action, Petitioner challenges his conviction in the District Court of Bryan County in Case Nos. CF-2001-471 and CF-2002-294. Bryan County is located in the Eastern District of Oklahoma. 28 U.S.C. § 116(b). Petitioner is presently incarcerated in the Joseph Harp Correctional Center which is located within the territorial jurisdiction of the Western District of Oklahoma. 28 U.S.C. §116(c).

Under these circumstances both federal district courts have jurisdiction to entertain this habeas corpus petition. 28 U.S.C. § 2241(d). It has been the experience of the federal district courts in Oklahoma that justice is normally better served by the

adjudication of the case in the district where the conviction was obtained, since that is where the trial court officials and records are located, where trial counsel for the prosecution and Petitioner are ostensibly available and where any necessary witnesses usually reside in the event an evidentiary hearing is necessary.  Transportation of Petitioner to any hearing in the Eastern District would be a modest expense for state and/or federal officials when compared with the costs of an evidentiary hearing in the Western District.  For these reasons, the federal district courts in Oklahoma have had a longstanding policy favoring the transfer of habeas actions to the district of conviction.  This Court may, in its discretion and in the interest of justice, transfer this action to any other court in which such action could have been brought.  28 U.S.C. § 2241(d).  Based on the considerations discussed herein, the undersigned recommends that the case be transferred to the United States District Court for the Eastern District of Oklahoma for all further proceedings.

## **RECOMMENDATION**

For these reasons, it is recommended that this case be transferred to the United States District Court for the Eastern District of Oklahoma.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before the 24th day of April, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both the factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).  This

Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the above captioned matter.

**ENTERED this 4th day of April, 2007.**

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE